UNITED STATES DISTRICT COURT

FOR THE

WESTERN DISTRICT OF NEW YORK

FILED
MAY 11 2015
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

BRIAN HALIK,

    *Plaintiff,*

    v.

HENRIETTA HOTS, INC;

    *Defendant.*

Case No. 15cv6282 T

**15 CV 6282**

COMPLAINT

## NATURE OF THE CASE

1. This action is brought for discrimination pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq*.

## PARTIES

2. Defendant Henrietta Hots, Inc. ("Henrietta Hots") is a corporation incorporated under the laws of the State of New York and is located at 3553 West Henrietta Road, Rochester, NY 14623.

3. Plaintiff, Brian Halik is an individual and resident of Colorado Springs, Colorado and is currently proceeding *pro se*.

1

4. Plaintiff has physical and/or mental impairment(s) that substantially limit at least one major life activity, and is therefore considered an individual with a disability pursuant to 42 U.S.C. § 12102, thus making him eligible for the protections of the ADA.

5. Plaintiff has a service dog who assists him with various tasks that mitigate his disabilities. At all times relevant to this Complaint, Plaintiff's service dog met the definition of and was in compliance with the ADA and New York state laws.

## VENUE AND JURISDICTION

6. Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331 and 1343. Jurisdiction may also be appropriate under 42 U.S.C. § 1981 and any related claims under New York law.

7. This Court has jurisdiction to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

8. Venue is proper in the Western District of New York pursuant to 28 U.S.C. § 1391 in that the defendant corporation is located and operated in this district. Further, the alleged ADA violations occurred in this district.

## FACTUAL ALLEGATIONS

9. Scott J. Olek ("Mr. Olek") is the CEO, Chairman, President, and/or other officer of Henrietta Hots. John Doe ("Mr. Doe") is or was an employee of Henrietta Hots, whose identity is currently unknown to Plaintiff.

10. On 27 December 2013, Plaintiff entered Henrietta Hots with two friends and his service dog. Mr. Doe subsequently accosted Plaintiff at his table.

11. Mr. Doe told Plaintiff that dogs are not allowed in the restaurant. After Plaintiff told Mr. Doe that the dog is a service dog, Mr. Doe demanded to see identification for the service dog. Plaintiff explained to Mr. Doe that he is a disabled

Military Veteran, that the dog is a service dog, and even explained to him his disabilities, which was far in excess of the requirements of the ADA.

12. Plaintiff further explained that no identification is required or may lawfully be demanded. Mr. Doe refused to comply, told Plaintiff, "You don't look disabled," and demanded that Plaintiff take his service dog out of the restaurant.

13. Plaintiff has sent Defendant numerous requests via U.S. Mail for acknowledgment of the problem and assurances that the problem would be resolved, and even assured that no legal action would be taken if Defendant properly trained its employees and provided verification. Plaintiff further warned the Plaintiff that if he did not comply, legal action would be taken to ensure compliance. One of the requests was received and personally signed for by Mr. Olek on 04 June 2014. Defendant subsequently failed to contact Plaintiff in any way.

14. Defendant was careless and negligent in failing to train its employees on federal disability law, which caused Plaintiff to be discriminated against. As a direct and proximate result of said negligence, Mr. Doe acted with hostility and malice and subjected Plaintiff to discrimination and subsequent embarrassment and emotional distress.

15. Defendant exhibited deliberate indifference by failing to address and rectify the issue after Plaintiff brought it to Defendant's attention. Upon information and belief, Defendant has failed to implement a policy to make reasonable accommodations to permit service animals both before and after the incident on 27 December 2013.

### PRAYER FOR RELIEF

16. WHEREFORE, Plaintiff demands upon Defendant:

   a. For an order finding and declaring that Defendants' acts and practices as alleged herein violate the Americans with Disabilities Act;

b. For injunctive relief prohibiting Defendant from continuing to violate the Americans with Disabilities Act through the policies and practices alleged herein;

c. Monetary damages as allowed by law;

d. Pre and post-judgment interest as allowed by law;

e. An award of Plaintiff's reasonable attorney's fees and costs;

f. Any and all such further relief as this Court deems just and proper.

Respectfully submitted:

Brian Halik, Plaintiff (*pro se*)

1441 Swope Ave

Colorado Springs, CO 80909

585-750-2249